Williams, J.
Action was brought in the court of common pleas of Vinton county, by the defendants in error, resident taxpayers of Swan township in that county, against the trustees of the township, who are the plaintiffs in error here, to enjoin the levy • of a tax to pay for a site and the building of a township house, the borrowing of money in anticipation of the tax, and payment for the site and building out of the general fund of *407 the township. The petition alleges, as the grounds of the injunction, that the trustees, who had already contracted for the site and the erection of the building at a cost of less than two thousand dollars, had not submitted the question of making the levy, to the electors of the township, at any election held therein, as required by section 1443, of the Revised Statutes; and, that there was no fund in the treasury of the township which could be used in payment for the building or site, when the contracts were made. The prayer of the petition is for a temporary injunction, and that on the final hearing the injunction be made perpetual. Upon the filing of the petition, an order was' granted by a judge of the court in which the action was brought, enjoining the defendants as prayed for in the petition, until the further order of the court. Afterward, before the same judge, the defendants, on notice to the plaintiffs, moved for the dissolution of that injunction, for the reasons, as stated in the motion, that the allegations of the petition were insufficient to authorize it, and also that they ymre not true; which motion was sustained, and the injunction dissolved; and from the order of dissolution the plaintiffs appealed to the circuit court. After the appeal was perfected, the operation of the order of dissolution was suspended, by two judges of the circuit court, until the appeal could be heard; and, issues of fact having been made up by pleadings filed in the action in the court of common pleas — the answer controverting material allegations of the petition and alleging some new matter which was denied by reply, the cause was placed on the trial docket of that court for the ensuing term, when the defendants asked to have the cause set down for trial. The court granted *408 the request; and thereupon, as shown by the record, on motion of the plaintiffs, the cause, so far as the same was pending in that court, was dismissed without prejudice to a new action, and judgment rendered against the plaintiffs for costs. At the following term of the circuit court, the defendants filed their motion to dismiss the appeal taken from the order dissolving the temporary injunction, and to strike the cause from the docket of that court, because the appeal took up nothing but the order of dissolution, and the plaintiffs after the appeal, had dismissed their action as above stated. Upon the hearing of that motion the court found the facts to be as herein set forth, hut overruled the motion, holding that the appeal took up-the whole case; and against the objection of the defendants, the court proceeded to a trial of the cause upon the-issues joined by the pleadings, at the conclusion of which judgment was given for the plaintiffs according to the prayer of the petition. A motion for a new trial, made upon the ground, among others, that the appeal should have been dismissed and the cause stricken from the docket, was overruled, .and a hill of exceptions duly allowed and filed showing the foregoing state of facts.
The question presented is one of some practical importance, namely, whether an appeal from an order vacating a provisional injunction in an action where the ultimate remedy sought is a perpetual injunction of like purport, has the effect of transferring the case to the appellate court for trial and judgment on its merits. It was said in Keyes v. Williamson, 31 Ohio St., 564, that the question is one about which there is a diversity of opinion; but none was there expressed by the court upon it, as that was unnecessary to the determination of the *409 ease; and. we are not aware of any decision of the court upon the question.
By the provisions of the civil code, an injunction may be the final judgment in an action, or a provisional remedy employed in the action; and the provisional injunction may be granted when it appears to be necessary to restrain, during the litigation, the commission or continuance of some act, respecting the subject of the action, which will render ineffectual the ultimate judgment demanded by the plaintiff. A party against whom such provisional injunction has been granted may, at any time before the trial of the action, apply to the court in which the action is pending, or to a judge of that court, to vacate or modify the same, either upon the petition and affidavits on which the injunction was allowed, on the ground that they are insufficient to warrant the injunction, or upon counter affidavits controverting the statements of fact on which it was obtained, or upon both of these grounds in the same application. An appeal may be taken to the circuit court, £ £ from an interlocutory order made by the common pleas court or a judge thereof, dissolving an injunction, in a case of which it had original jurisdiction; but such interlocutory order dissolving such injunction shall not be suspended by the appeal except by the order of the circuit court or two judges thereof in vacation, on reasonable notice to the adverse party. ” Revised Statutes, section 5226. The proper office of the provisional injunction is to prevent threatened irreparable injury, which should be averted, until opportunity is afforded for a full and deliberate investigation of the case at the trial, and, to preserve until that time, as far as possible, the condition of things existing when the injunction is *410 obtained, to the end that the rights of the parties as established by the final judgment rendered on the 'trial, may be secured to them by the enforcement of the judgment. In continuing such an injunction, by declining to sustain a motion for its dissolution, as well as in granting it in the first instance, the court or judge exercises a discretion which is controlled to some extent by a consideration of the consequences that are likely to follow, and will pursue that course which seems best calculated to subserve the ends of justice, and protect the interests of the parties; and while, in such case, the court or judge so far passes upon the sufficiency of the petition as to be satisfied a cause is made for the allowance of the injunction, that is not to be taken as a final adjudication by the court that the petition states a cause of action, or that in any way affects the right of the defendant to test its sufficiency in the usual way, by demurrer. As said by the Lord Chancellor, in Glascott v. Lang, 3 Myl. & Cr., 452-456, for the purpose of supporting an interlocutory injunction, “it is not necessary that the court should find a case which would entitle the plaintiff to relief at all events. It is quite sufficient if the court finds, upon the pleadings and evidence, a case which makes a transaction a proper subject of investigation in a court of equity.” And, on the other hand, it cannot properly be said that it has been determined by the court that the plaintiff cannot maintain his action, when the provisional injunction is dissolved on a motion made solely upon the petition and affidavits of the plaintiff; nor, that the case has been adjudged against him on the merits, when, the motion sustained is made upon the ground that the statements of fact in the petition and affidavits on *411 which, the injunction was procured, are untrue. The hearing upon the motion is not the mode provided by law. for the trial of the issues joined in the action, and neither party can be deprived of the'lawful mode of trial by the decision on the motion, whatever it may be. A trial is defined to be a judicial examination of - the issues in an action. Revised Statutes, section 5127. And all issues of fact must be tried by the court or a jury, unless referred as provided for in- certain cases. Revised Statutes, sections 5130, 5131. “A motion is an application for an order, addressed to the court or a judge by a party to a suit, or one interested therein.” Revised Statutes, section 5121.
A hearing upon a motion was not designed to take the place of a trial. It may be had upon affidavits taken without opportunity for cross-examination, and is not in any proper sense a trial. Therefore, upon the overruling of a motion to vacate a provisional injunction, the court is not authorized, without a trial of the issues, to enter final judgment for the plaintiff; nor can the petition be properly dismissed, without such trial, upon the dissolution of the injunction. Whatever the decision may be upon the motion, each party is entitled to show, if he can, upon the. trial of the issues, that judgment should be rendered in his favor. And, as an order of the court or judge dissolving the injunction does not, and cannot dispose of the case, but only of the motion to dissolve, and of the provisional injunction, it would seem that an appeal from such order could only operate to transfer to the circuit court for decision the questions involved in the order appealed from, and would not, in the absence of some express provision authorizing it, have the effect of removing to that court the case *412 upon its merits, upon which as yet no trial has been had, no decision made, and no judgment rendered by the court of common pleas. To give such an appeal the effect mentioned, would, practically confer upon the circuit court original jurisdiction in such cases, by thus making it the trial court in the first instance, a result not sanctioned either by our legislation or constitution. That it was not the legislative intent that the appeal from an interlocutory order dissolving an injunction should operate to take up the whole case to the appellate court, seems obvious from the fact that an appeal to the same court is authorized from the final judgment that may thereafter be rendered in the action by the court of common pleas, thus showing that, notwithstanding the appeal from such interlocutory order, the action itself remains in the court of common pleas for final trial and judgment there. “Upon appeal from an interlocutory decree in chancery, only so much of the cause is before the appellate court, as the court of chancery has acted upon.7 7 Madden v. Madden, 2 Leigh., 377. In general, an appeal, when perfected, suspends the judgment appealed from. Revised Statutes, section 5235. But, it is otherwise provided, when the appeal is from an order vacating a provisional injunction ; the operation of the order is not suspended unless it is so ordered by the circuit court, or two of its judges. The effect of the suspension when ordered, is simply to continue the injunction in force until the hearing of the motion by that court. But for the provision of the statute authorizing the suspension, the plaintiff could not have the provisional injunction continued, but would be compelled to await the trial and final judgment in the common pleas court, and after an appeal therefrom *413 obtain a new injunction in the appellate court under the provisions of section 5572, of the Revised Statutes. In the meantime, and before that could be done, the mischief he sought to prevent by the injunction which had been dissolved, may have been ensued. To give the party an opportunity to have the circuit court pass upon the motion to dissolve, and until then avoid the consequences mentioned, was the purpose of the statutory provision authorizing an appeal from the order of dissolution, and a suspension of • that order. It has no other object or scope. If the circuit court, on the hearing of the motion, overrule it, the injunction continues in force till trial and judgment in the common pleas ; but if the motion be sustained, the defendant is left free to act as if no appeal had been taken; and in either event, the case itself remains in the court of common pleas for trial and judgment, unaffected by the appeal. The provision of section 5225, of the Revised Statutes, that the trial in the circuit court on appeal ‘ ‘ shall be conducted in the same manner as in the common pleas court and upon the same pleadings,” has no application to the hearing of an appeal from an order dissolving1 a temporary injunction, whether such order was made by the court or a judge; but applies only, as its language imports, to the trial of actions taken to the circuit court on appeal from the final judgment. As the interlocutory injunction is merely a provisional remedy in the action, employed to aid in rendering effectual the judgment sought as the ultimate relief, the existence of the action is as essential to the continuance of the injunction as to its allowance originally. Such an injunction cannot survive the action in which it was granted, but must end with it; and *414 that is not the less so where the ultimate relief' demanded is a permanent injunction, thereafter restraining what was enjoined by the provisional injunction until the final judgment. That judgment determines the rights of the parties; if the plaintiff obtains the relief he sought, the interlocutory injunction has accomplished its purpose, and is at an end; and if, for any cause, the action terminates adversely to him, the provisional injunction falls with it.
Hence, the dismissal, by the plaintiffs below, of their action in the court of common pleas, carried with it their temporary injunction, then awaiting a hearing in the circuit court on the motion to dissolve; and, as thereafter, nothing remained for that court to hear, it being without jurisdiction to try the issues joined by the pleadings and render the judgment complained of here, it should have stricken the cause from its docket.

The judgment is reversed.